**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

IFEANYI GODWIN OKOBI,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 12-9555

(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Petitioner Ifeanyi Godwin Okobi, a citizen of Nigeria, filed a petition for

review of a Final Administrative Removal Order (FARO) issued by the

Department of Homeland Security (DHS). We have jurisdiction under 8 U.S.C.

§ 1252(a)(1) and deny the petition.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

In August 2005 Petitioner was lawfully admitted to the United States as a nonimmigrant visitor. Without the permission of the government, he stayed in the United States beyond the expiration of his visa in February 2006. In January 2010 he pleaded guilty to conspiracy to commit bank fraud and possession of stolen mail in federal court in California. He was sentenced to 40 months' imprisonment and ordered to pay restitution in the amount of $598,387.55.

On April 17, 2012, the government issued Petitioner a notice to appear in immigration court. Shortly thereafter, however, the government determined that Petitioner was subject to expedited removal under 8 U.S.C. § 1228(b) because he was not lawfully admitted for permanent residency and was deportable for having committed an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); *id.* § 1101(a)(43)(M)(i), (U) (Aggravated felony includes an attempt or conspiracy to commit an offense involving "fraud or deceit in which the loss to the victim or victims exceeds $10,000."). It canceled the notice to appear, and on April 20 it issued a Notice of Intent to Issue a Final Administrative Removal Order (the Notice). The Notice advised Petitioner of the procedural safeguards available to him.

The deportation officer checked boxes on the Notice indicating that Petitioner had refused to acknowledge receiving it but wished to contest his

deportability. Petitioner did not, however, respond to the Notice, and on May 7, 2012, the government served him with the FARO. It stated that the government had determined that he was ineligible for discretionary relief from the Secretary of Homeland Security and that the record had established "by clear, convincing, and unequivocal evidence" that he was deportable as an alien convicted of an aggravated felony. R. at 5. The FARO ordered Petitioner's deportation to Nigeria.

Petitioner argues that the government violated his due-process rights because (1) it failed to comply with the procedural protections afforded under 8 U.S.C. § 1228(b), as interpreted by the accompanying regulations; (2) Petitioner's deportability as an aggravated felon was not established by clear and convincing evidence in the record; (3) Petitioner was eligible for adjustment of status because he was married to a United States citizen; and (4) the government improperly canceled the Notice and commenced the FARO process against him.

## II.   DISCUSSION

Our jurisdiction under § 1228(b) does not include review of certain discretionary decisions, but we may review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(B), (D). Our review of such matters is de novo. *See N-A-M v. Holder*, 587 F.3d 1052, 1055 (10th Cir. 2009).

Petitioner first argues that the government violated his right to due process by failing to follow its own regulations regarding the issuance of a FARO. But

the Notice and the FARO themselves show compliance with those procedural requirements that applied to him, and Petitioner has not offered any evidence of noncompliance or shown prejudice. *See Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1165 (10th Cir. 2004) (Petitioner must show prejudice to prevail on due-process challenge.).

Second, Petitioner argues that his deportability was not established by clear and convincing evidence in the record because (1) the government improperly relied on the "unattested" conviction documents in the administrative record, and (2) the restitution order, which the government relied on to show a loss of more than $10,000, was based on only a finding by a preponderance of the evidence. Aplt. Br. at 25. But Petitioner does not argue that the information in the conviction documents is inaccurate, so any lack of authentication did not prejudice him. Also, in the absence of conflicting evidence the government may rely on restitution orders to determine the loss to victims by clear and convincing evidence, and Petitioner does not point to any evidence that the amount in the restitution order is inaccurate. *See Nijhawan v. Holder*, 557 U.S. 29, 42–43 (2009) (There was "nothing unfair" about the immigration judge's relying on "earlier sentencing-related material," including a restitution order, to find clear and convincing evidence of a loss to victims of more than $10,000, "[i]n the absence of any conflicting evidence."); *cf. Singh v. Att'y Gen. of U.S.*, 677 F.3d 503, 515 (3d Cir. 2012) (Restitution orders "may be helpful to the loss inquiry,

but [are] not definitive" if there is "sufficient conflicting evidence to justify looking past the restitution order." (internal quotation marks omitted)).

Third, Petitioner argues that the government violated his due-process rights by commencing FARO proceedings against him because he was eligible for adjustment of status in an immigration court based on the U.S. citizenship of his wife. But he has supplied no evidence that he had a wife who was a U.S. citizen.

Finally, Petitioner challenges the government's decision to cancel the notice to appear and initiate FARO proceedings. But a DHS officer may "cancel such notice prior to jurisdiction vesting with the immigration judge," if the "officer is satisfied that" the "notice to appear was improvidently issued." 8 C.F.R. § 239.2(a)(6). And Petitioner has failed to show that there was any legal bar to a finding of improvidence in this case.

## III.   CONCLUSION

The Petition for Review is DENIED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge